The person who has the remainder surely has the jus proprietatis; the person who has the absolute property must have the increase; if the special proprietor could claim it, it must occasion infinite disputes.
The increase cannot be separated from the absolute property. It is a case peculiar to this country. We must have recourse to general principles of justice and policy; and the authority of generally received opinions ought to have great weight, supported by long adoption in cases of property.
NOTE. — The question decided in this case, that the increase of slaves limited to one for life with remainder over will go to the remainderman and not belong to the tenant for life, is fully sustained by the cases of Glasgow v. Flowers, 2 N.C. 233, where this case is referred to and shortly reported in a note, and Erwin v. Kilpatrick, 10 N.C. 456, and has long been the settled law of the State. But if the facts of the case are properly stated, it was improperly determined upon another point which the facts presented, but which seems not to have been noticed by the Court. It was a gift of a chattel either by deed or parol after the reservation of a life estate therein to the donor; and this, according to several adjudged cases, conveyed no interest to the donee in remainder.Graham v. Graham, 9 N.C. 322; Sutton v. Hollowell, 13 N.C. 185; Morrowv. Williams, 14 N.C. 263; Hunt v. Davis, 20 N.C. 36. Such limitations of slaves are now allowed by act of Assembly. 1 Rev. Stat., ch. 37, sec. 22.
Cited: Glasgow v. Flowers, 2 N.C. 233; Erwin v. Kilpatrick, 10 N.C. 458;Covington v. McEntire, 37 N.C. 318; Patterson v. High, 43 N.C. 55.
(15)